**SO ORDERED.**

**SIGNED this 15 day of February, 2013.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

IN RE:

GRAYDON LEE STEPHENSON AND				CASE NO. 12-00357-8-JRL
LAURA YOUNG STEPHENSON,

      DEBTORS.									CHAPTER 7

---

CAMP FLINTLOCK, INC.,

      PLAINTIFF,

      								ADVERSARY PROCEEDING
v.										CASE NO. 12-00228-8-JRL

GRAYDON LEE STEPHENSON AND
LAURA YOUNG STEPHENSON,

      DEFENDANTS.

**ORDER**

This matter came before the court on the motion of Graydon Lee Stephenson ("male defendant") and Laura Young Stephenson ("female defendant") (collectively "defendants") to dismiss the complaint for failure to state a claim upon which relief can be granted in this adversary proceeding commenced by Camp Flintlock, Inc. ("plaintiff" or "Camp Flintlock") objecting to the

1

defendants' discharge pursuant to 11 U.S.C. § 727 and to determine whether the state court judgment entered in the plaintiff's favor is dischargeable under 11 U.S.C. § 523. A hearing on the matter was held in Raleigh, North Carolina on February 4, 2013.

## BACKGROUND[1]

The defendants filed a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code on January 16, 2012. On July 24, 2012, a judgment was awarded against the defendants and Access Enterprises, Inc. ("Access") (collectively "state court defendants")[2] by the Johnston County Superior Court in Johnston County, North Carolina in the amount of $635,685.00 ("state court judgment").[3] The state court judgment represents approximately ninety percent (90%) of the defendants' total scheduled liabilities ($704,229.31).

The plaintiff, a colonial re–enactment business in Johnston County, visits area schools educating students about colonial America. The plaintiff also hosts summer camps, overnight encampment field trips and other special events in Four Oaks, North Carolina. The plaintiff entered

---

[1] This resuscitation of the facts are a fair distillment of the complaint, which is taken in the light most favorable to the non–movant, the plaintiff. See Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993) (emphasizing that when analyzing a motion to dismiss "the court should accept as true all well–pleaded allegations and should view the complaint in a light most favorable to the plaintiff."). Although the court must consider all well–pled allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe all factual allegations in the light most favorable to the plaintiff, Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999), it is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

[2] Access, a North Carolina corporation formed and wholly–owned by the defendants, also filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on January 16, 2012 (Case No. 12–00360–8–JRL).

[3] The state court judgment was entered postpetition, after this court granted relief from the automatic stay on January 23, 2012, to allow the state court to enter a judgment reflecting a jury verdict rendered prior to filing. The enforcement of any monetary judgment, however, was stayed.

into a business relationship with the defendants and Access, granting them permission to use its trademark name, customer lists, proprietary material and intellectual property to start a similar summer camp in Maryland in exchange for the payment of a commission ($15.00) for each camper the defendants enrolled. The defendants were given access to the plaintiff's customer data, including its customer list and contact information. The defendants also maintained the plaintiff's website, located at www.campflintlock.com.

The state court judgment was the product of a civil action commenced by the plaintiff in the Johnston County Superior Court against the defendants and Access, following the dissolution of Camp Flintlock and erosion of the personal relationship between the defendants and the plaintiff's principals, Timothy R. Langdon and Renee K. Langdon. The plaintiff asserted causes of action for fraud, constructive fraud, conversion, unfair and deceptive trade practices and injunctive relief on March 3, 2008 ("state court complaint").[4] The state court defendants filed an answer to the complaint and several counterclaims against the plaintiff on May 7, 2008.

Following commencement of the case and prior to the scheduled trial date of November 7, 2011, the trial court entered a preliminary injunction enjoining the state court defendants from further business and marketing activity using the plaintiff's trademark name, website domain, customer lists and other proprietary property on March 20, 2008. The preliminary injunction also required that the state court defendants maintain all documentation (paper and electronic) in their possession and prohibited alteration of the same. Also during this period, the trial court conducted a two–day hearing on May 16 and 17, 2011, regarding the imposition of sanctions and contempt for

---

[4]This ninety six (96) paragraph complaint and allegations therein, was attached and incorporated by reference to the complaint filed by the plaintiff in this adversary proceeding.

3

discovery violations allegedly committed by the state court defendants. The trial court took the matter under advisement and on November 7, 2011, the morning of the first day scheduled for trial, it announced that it would strike the state court defendants' previously–filed answer and counterclaims as discovery sanctions for their actions and willful contempt of the court's prior orders.

After striking the answer and counterclaims, the trial court entered a default judgment in favor of the plaintiffs as to all the claims and defenses raised by the state court defendants. The trial court, at the close of the plaintiff's evidence and all evidence, denied the state court defendants' motions for directed verdict and entered a directed verdict in favor of the plaintiff.[5] The only issues submitted to the jury related to the damages suffered by the plaintiff. After considering these issues, the jury awarded the plaintiff total damages in the amount of $635,685.06.[6] The state court

---

[5]The trial court specifically found, pursuant to the default of the state court defendants, as follows:

> [T]he Defendants, with the intent to deceive, committed fraud upon the Plaintiff. The Court also found as a matter of law, after directing a verdict for the Plaintiff on the Chapter 75 claim [for unfair and deceptive trade practices], that the complaint filed by the Plaintiff, set forth a claim for unfair or deceptive business practices, as proscribed by Chapter 75 of the North Carolina General Statutes, consistent with the case law. Pursuant to default, the Court further concluded that the Defendants had the subjective intent to defraud the Plaintiff and that said fraud amounted to an unfair business practice. The court elected to send certain issues to the jury relating to Plaintiff's damages prior to August 9, 2007, and subsequent to August 9, 2007.

[6]Pursuant to N.C. Gen. Stat. § 75–19, the $204,166.67 awarded to the plaintiff for the state court defendants' unfair and deceptive trade practice violations, was trebled. As a result, these damages were increased to $612,500.01. The trial court also awarded the plaintiff attorney's fees of $70,518.25 and costs of $3,966.20, which were included in the final judgment against the state court defendants.

judgment was entered by the trial court on July 24, 2012.

The plaintiff filed the present adversary proceeding on September 7, 2012 against the defendants, seeking to revoke the defendants' discharge under § 727 and a determination of the dischargeability of the state court judgment awarded against the defendants pursuant to § 523. Attached to the plaintiff's complaint were the pleadings filed in the state court proceeding, the preliminary injunction issued against the defendants and Access and the state court judgment. On November 13, 2012, the defendants filed their answer and motion to dismiss currently before the court. On December 4, 2012, the plaintiff filed a response to the defendants' answer and motion to dismiss, alleging that its complaint provided the requisite specificity required and requests the defendants' motion to dismiss be denied.

## STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure (hereinafter "Rule 8(a)(2)") requires every pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008. An opposing party may move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rule 12(b)(6)"), to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). To demonstrate entitlement to relief under Rule 8(a)(2), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (emphasizing that a pleading providing "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."(citing Papasan v. Allain, 478 U.S. at 286). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (recognizing that "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" (citations omitted)).[7] Furthermore, Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

## DISCUSSION

In their motion to dismiss, the defendants seek dismissal of both causes of action advanced by the plaintiff for failure to fail to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Alternatively, the defendants assert that those relating to alleged fraudulent actions by the defendants fail to state with particularity the circumstances constituting fraud required under Rule 9(b).

This court will examine all of the allegations in support of the claims set forth in the plaintiff's complaint to determine whether any plausible theory of recovery exists. In re Allen, 150 B.R. 21, 22 (Bankr. E.D. Va. 1993); see Rogers v. Jefferson–Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) ("[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim."(citations omitted)).

### A. Objections to Discharge

---

[7]In deciding a motion to dismiss, a court may consider exhibits and attachments to the complaint without converting the motion into one for summary judgment. See Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 176 (4th Cir. 2009).

Section 727(a) of the Bankruptcy Code, governing denial of a debtor's bankruptcy discharge, provides:

(a) The court shall grant the debtor a discharge, unless –

. . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

. . .

(4) the debtor knowingly and fraudulently, in or in connection with the case–

(A) made a false oath or account;

(B) presented or used a false claim;

. . .

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]

11 U.S.C. § 727(a)(2), (4), (5). A chapter 7 debtor's discharge relieves it of all debts incurred prior to the filing of the petition, except the nineteen (19) categories specifically listed in § 523(a). 11 U.S.C. § 727(b).

The plaintiff's complaint[8] objects to the defendants' discharge on three separate grounds.

---

[8]Attached to and incorporated by reference to the plaintiff's complaint are the state court pleadings, preliminary injunction issued against the state court defendants and the state court

7

First, the defendants violated § 727(a)(2) by fraudulently concealing, destroying or transferring assets. Second, the defendants knowingly made false statements under oath in their bankruptcy schedules, statement of financial affairs and in the testimony provided at the Federal Rule of Bankruptcy Procedure 2004 examination (hereinafter "Rule 2004 examination") conducted by the chapter 7 trustee, in violation of § 727(a)(4). Third, the defendants violated § 727(a)(5) by failing to satisfactorily explain any loss of assets or the deficiency of assets to meet their liabilities. Supporting each of these grounds are the defendants' continued and unauthorized use of the plaintiff's intellectual and proprietary property following termination of the parties' business relationship, their willful violation of the preliminary injunction to cease further use of the plaintiffs property and any alteration of their property or assets, and the destruction and alteration of evidence prompting the discovery sanctions imposed against the defendants by the state court.

With regard to the defendants' alleged violation of § 727(a)(4), paragraph forty eight (48) of the plaintiff's complaint states that the defendants knowingly and fraudulently made a false oath or account in their bankruptcy schedules, statement of financial affairs and through the sworn testimony of the male defendant at Rule 2004 examination conducted by the trustee. The discrepancy between the defendants' valuation of their assets on their schedules and the representation of assets on Access's corporate tax return falls short of allowing the court to draw a reasonable inference that the defendants violated § 727(a)(4) by knowingly and fraudulently making a false oath or account in connection with their bankruptcy case. See Iqbal, 556 U.S. 662, 677–78.

The allegations in the plaintiff's complaint, in conjunction with the findings in the state court judgment, are sufficient to state a claim for denying the defendants' discharge pursuant to §

---

judgement, as well as any allegations presented therein.

727(a)(2) and § 727(a)(5). The complaint and allegations therein, however, are not sufficient to state a claim for relief under § 727(a)(4).

### B. Dischargeability of State Court Judgment

The plaintiff's complaint also alleges a separate cause of action seeking a determination that the state court judgment against the defendants is nondischargeable under § 523 of the Bankruptcy Code.

Section 523 of the Bankruptcy Code lists nineteen exceptions to a debtor's discharge under § 727. Section 523(a)(2), for example, provides that debts for money, property or services may not be discharged to the extent they were incurred by "false pretenses, a false representation, or actual fraud . . ." 11 U.S.C. § 523(a)(2). Section 523(a)(2) is intended to ensure that those debtors obtaining property by fraudulent means are not afforded bankruptcy protection. Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997) (emphasizing that the purpose of § 523(a)(2) "is to make certain that those who seek shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs."). A complaint seeking the nondischargeability of a debt under § 523(a)(2) must allege, with particularity, facts establishing the following five elements: "(1) false representation, (2) knowledge that the representation was false, (3) intent to deceive, (4) justifiable reliance on the representation, and (5) proximate cause of the damages." Nunnery v. Rountree (In re Rountree), 478 F.3d 215, 218 (4th Cir. 2007); see, e.g., Randle v. Highfill (In re Highfill), 336 B.R. 701, 706 (Bankr. M.D.N.C. 2006); B&W Remodeling, Inc. v. Cofield (In re Cofield), AP No. 10–00070, 2011 WL 5902616, at *5 (Bankr. E.D.N.C. Sept. 15, 2011) ("Obtaining property or services by false pretenses is shown when: (1) a false representation is made by Defendant to Plaintiff, (2) calculated and intended to deceive, (3) which in fact deceived Plaintiff,

9

and (4) Defendant obtained money, property or services from the Plaintiff." (citing N.C.P.I.—Crim. 219.10. Obtaining Property by False Pretenses)).

The plaintiff has met its burden, under Rule 9(b), with regard to its claim for nondischargeability under § 523(a)(2) because the complaint alleges that the defendants knowingly made numerous false representations aimed to deceive the plaintiff, which were justifiably relied upon by the plaintiff to its detriment. Specifically, the complaint alleges that after the dissolution of the business relationship, the defendant continued to divert and collect funds from the plaintiff's customers. These actions and conduct were prohibited by the preliminary injunction issued by the state court. This diversion, according to the complaint, was accomplished by the unauthorized use of the plaintiff's trademark and intellectual and proprietary property. The state court judgment was obtained, in part, on these allegations of fraudulent conduct.[9] Based on the totality of the circumstances, the plaintiff has stated, with particularity, a claim for denying the dischargeability of the state court judgment against the defendants under § 523(a)(2).

Section 523(a)(4) excepts from discharge any debts incurred by the debtor while acting in a fiduciary capacity or for fraud, defalcation, embezzlement or misappropriation. 11 U.S.C. § 523(a)(5). To prove that a debt is nondischargeable under § 523(a)(4), "a creditor must prove the debtor committed (1) fraud or defalcation (2) while acting in a fiduciary capacity." Pahlavi v. Ansari (In re Ansari), 113 F.3d 17, 20 (4th Cir. 1997). The term "fiduciary" for purposes of § 523(a)(4) "is limited to instances involving express or technical trusts." Memo Money Order Co. v. Davis (In re Davis), 371 B.R. 127, 135 (Bankr. E.D.N.C. 2007) (citing In re Harrell, 173 F.3d 850, 1999 WL

---

[9]Actions that were sufficient, as a matter of law, for the state trial court to conclude that the defendants had the subjective intent to defraud and deceive the plaintiff. See Longo v. McLaren (In re McLaren), 3 F.3d 958, 960 (6th Cir. 1993).

150278, at *3 (4th Cir. Mar. 19, 1999) (unpublished)). The fiduciary relationship, contemplated by § 523(a)(4), does not exist where an express or technical trust has not been established prior to the alleged misappropriation of funds. Davis, 371 B.R. at 135; see, e.g., N.C. Lottery Comm'n v. Wells (In re Wells), 431 B.R. 379, 381–82 (Bankr. E.D.N.C. 2009); Keener Lumber Co., Inc. v. Perry, No. S–02–00007–5–AP, at 7 (Bankr. E.D.N.C. Oct. 7, 2002) (emphasizing "that 523(a)(4) requires an explicit trust, whether created by agreement or by statute . . . ."); WMS, Inc. v. Steinmiller (In re Steinmiller), No. S–06–00166–5–AP, at 3 (Bankr. E.D.N.C. Sept. 10, 2007) (holding that no fiduciary relationship existed and the underlying debt was not excepted from discharge where "the intent of the parties was for Mr. Steinmiller to pay WMS from his commissions, not to remit the sale proceeds as they were collected."). According to the complaint, the defendants' fiduciary duty to the plaintiff arose by virtue of the plaintiff's entrustment of its intellectual and proprietary property to the defendants. This entrustment, alone, is insufficient to give rise to an express or technical trust. See Davis, 371 B.R. at 135. Because the facts of the instant case are insufficient to establish that the defendants were acting in a fiduciary capacity, the complaint fails to state a plausible theory for relief.

Section 523(a)(6) excludes from discharge any debt incurred as a result of the "willful and malicious injury by the debtor to another . . . or to the property of another[.]" 11 U.S.C. § 523(a)(6); see Kawaauhu v. Geiger, 523 U.S. 57, 64 (1998) (emphasizing that to qualify as nondischargeable, the debt cannot arise from a reckless or negligent injury, rather it must be willful and malicious). The specific findings of fact in the state court judgment along with the factual allegations in the plaintiff's complaint are sufficient to demonstrate that the defendants' actions were both willful and malicious. Specifically, the willful and malicious injury to the plaintiff's intellectual and proprietary

11

property is evidenced by paragraph fifty eight (58) of the complaint and the findings presented in the state court judgment, which chronicle the defendants' unauthorized use of such property, despite being enjoined by the state court. Accordingly, the plaintiff has plead sufficient facts to satisfy the statutory requirements of § 523(a)(6).

Based on the record as well as its review of the plaintiff's complaint and accompanying materials, the court finds that the plaintiff has stated a claim for relief under § 523(a)(2) and § 523(a)(6). The plaintiff, however, has failed to present sufficient facts and allegations to demonstrate the existence of a fiduciary relationship and, therefore, its cause of action under § 523(a)(4) fails to state a claim upon which relief may be granted.

## CONCLUSION

Based on the forgoing, the defendants' motion to dismiss for failure to state a claim upon which relief may be granted is **DENIED IN PART** and **ALLOWED IN PART**.[10] The facts and allegations in the complaint and accompanying materials are sufficient to state plausible claims for relief under § 727(a)(5) and § 523(a)(6). The plaintiff has also alleged sufficient facts to support a claim that the defendants' willful and malicious actions render the state court judgment nondischargeable under § 523(a)(6). Additionally, the plaintiff's claims for relief under § 727(a)(2) and § 523(a)(2) comply with the heightened pleading requirements imposed by Rule 9(b) regarding the specific time, place and contents of the alleged fraudulent actions and representations.

---

[10]At the conclusion of the hearing, the court tentatively indicated that the plaintiff would be granted leave to amend its complaint to include particularized facts to support its claims for relief under § 727(a)(2) and § 523(a)(2) to ensure an accurate record and efficient disposition of the matter. After closer review of the complaint and attachments incorporated by reference therein, the court finds an abundance of allegations to support the conclusion that the plaintiff has plead, with particularity, facts giving rise to claims for relief under § 727(a)(2) and § 523(a)(2). Therefore, amendment is neither necessary nor warranted.

The plaintiff, however, has failed to plead sufficient facts to support a claim for relief under § 727(a)(4) that is plausible. In addition, the claim for relief under § 523(a)(4), is insufficient, as a matter of law, because the facts and allegations in the complaint do not to give rise to a fiduciary relationship between the plaintiff and the defendants. Accordingly, the defendants' motion to dismiss will be allowed as to the claims for relief under § 727(a)(4) and § 523(a)(4).

**END OF DOCUMENT**