

**SO ORDERED.**

**SIGNED this 25 day of October, 2013.**

_____
**A. Thomas Small
United States Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | |
| GRAYDON LEE STEPHENSON and LAURA YOUNG STEPHENSON, | CASE NO. 12-00357-8-ATS |
| DEBTORS. | CHAPTER 7 |
| CAMP FLINTLOCK, INC., | |
| PLAINTIFF, | |
| v. | ADVERSARY PROCEEDING NO. 12-00228-8-ATS |
| GRAYDON LEE STEPHENSON and LAURA YOUNG STEPHENSON, | |
| DEFENDANTS. | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The matter before the court in this adversary proceeding in which the plaintiff, Camp Flintlock, Inc., objects to the discharge of the chapter 7 debtors, Graydon and Laura Stephenson, and seeks a determination of the dischargeability of its debt, is the plaintiff's motion for summary judgment. A

1

hearing was held on October 16, 2013, in Raleigh, North Carolina.

The Stephensons filed for relief under chapter 7 of the Bankruptcy Code on January 16, 2012. Prior to the bankruptcy petition, the plaintiff filed an action in state court against the Stephensons bringing claims of fraud, constructive fraud, conversion, and unfair trade practices. On January 23, 2012, Judge J. Rich Leonard granted relief from the automatic stay to allow the state court to enter a judgment reflecting a jury verdict rendered prior to the filing date; however, the enforcement of any monetary judgment was stayed. On July 24, 2012, the state court entered a judgment against the defendants and Access Enterprises, Inc., a North Carolina corporation formed and wholly-owned by the defendants, in the amount of $635,685.00.

On September 7, 2012, the plaintiff filed the present adversary proceeding seeking to revoke the defendants' discharge and a determination that the state court judgment is nondischargeable. The defendants moved to dismiss the complaint on November 13, 2012. On February 15, 2013, Judge Leonard entered an order denying in part and allowing in part the defendants' motion to dismiss. Judge Leonard dismissed the plaintiff's claims for relief under § 727(a)(4) and § 523(a)(4).

The plaintiff argues that it is entitled to summary judgment because there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.

**STANDARD**

Upon motion, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056.  In determining whether summary judgment is proper, the court, viewing the evidence in the light most favorable to the non-moving party, must determine whether the evidence presents sufficient disagreement to require submission to the trier of fact, or whether facts are so established that the moving party must prevail as a matter of law.

**DISCUSSION**

**1. Objection to discharge under § 727(a).**

The plaintiff objects to the defendants' discharge pursuant to 11 U.S.C. § 727(a)(2), (5), and (7).  In pertinent part, § 727(a) states that the court shall grant discharge, unless

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

>    (A) property of the debtor, within one year
>       before the date of the filing of the petition; or
>    (B) property of the estate, after the date of the
> filing of the petition;
> 
> . . .
> 
> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;
> 
> . . .
> 
> (7) the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider[.]

11 U.S.C. § 727(a).

Relying on the defendants' schedules in their bankruptcy case, as well as the transcript of the 2004 examination of Graydon Stephenson, the plaintiff maintains that four transfers constitute grounds on which the defendants should be denied their discharges under § 727(a)(2). Within a year of filing their bankruptcy petition, the defendants gave $7,000 to their church and $13,000 to their son as a down payment on a house. Within forty days of the filing date, the defendants made payments totaling $17,647.42 to attorney, Edward Gaskins. The defendants also made a transfer of $4,987.70 to Progressive Insurance in the ninety days prior to filing.

Also relying on the defendants' bankruptcy schedules, as well as the bankruptcy schedules of Access Enterprises, the

plaintiff points to alleged discrepancies in the gross revenue receipts of Access Enterprises and the defendants' revenue from Access Enterprises in 2011 as further evidence of the defendants' attempt to hinder, delay or defraud creditors or an officer of the estate.  The male defendant's inability in his 2004 exam to explain the discrepancy shows, according to the plaintiff, the defendants' failure to satisfactorily account for estate assets and is grounds under § 727(a)(5) and (7) for denying their discharges.

The plaintiff additionally directed the court's attention to certain pages of the transcript of Mr. Stephenson's 2004 exam beginning on page 119.  These pages contain a line of questioning by the plaintiff's counsel as to the status of various assets.  Mr. Stephenson either did not know or could not remember what happened to the assets.  This line of questioning, the plaintiff contends, shows that the defendants failed to explain satisfactorily, any loss of assets or deficiency of assets to meet the debtor's liabilities.

The bankruptcy schedules and the transcript from the 2004 examination do not show that the defendants acted with intent to hinder, delay, or defraud a creditor or an officer of the estate when the above discussed transfers were made.  Nor do they show that the defendants failed to explain satisfactorily any loss of

assets or deficiency of assets to meet the defendants' liabilities. With respect to Mr. Stephenson's answers regarding the disposition of various business assets, some of these assets of the business were ten years old and the asset report, prepared by an accountant, did not identify the assets with specificity. The defendant's inability to recall the disposition of some assets in his 2004 examination is not by itself sufficient to establish that the plaintiff is entitled to summary judgment on its objection to discharge pursuant to § 727(a)(5).

There is a genuine issue of material fact and the plaintiff is not entitled to judgment as a matter of law. Accordingly, the plaintiff's motion for summary judgment on its objection to the defendants' discharge is denied.

**2. Dischargeability determination under § 523.**

In its complaint, the plaintiff contends that its judgment should be determined to be nondischargeable pursuant to § 523(a)(2) and (6). Pursuant to § 523(a), certain debts are excepted from discharge. These debts include debts:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

6

> …
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

11 U.S.C. § 523(a).

The plaintiff argues that the judgment entered in the state court action finds that the defendants' actions constituted fraud, conversion, and unfair and deceptive trade practices. This order, the plaintiff contends, has collateral estoppel effect and that based on the judgment, the fraud requirements of § 523(a)(2) are met.

Because the state court's findings as to the defendants' alleged fraud, conversion, and unfair and deceptive trade practices, were contained in a default judgment entered as a discovery sanction, the findings of fraud, conversion, and unfair and deceptive trade practices were never actually litigated. In this situation, the Fourth Circuit case of <u>Sartin v. Macik</u>, 535 F.3d 284 (4th Cir. 2008) is directly on point and controls. In <u>Sartin</u>, the Court of Appeals determined that, under North Carolina law, a court may not rely on the asserted collateral estoppel effect of a state default judgment entered as a discovery sanction to reach the conclusion that a debt is nondischargeable under 11 U.S.C. § 523(a). The plaintiff is not entitled to summary judgment and a determination that their claims are nondischargeable under § 523(a)(2)(A) or (a)(6)

7

because as there is a genuine issue of material fact as to whether the debt was obtained through false pretenses, a false representation, or actual fraud or whether the defendants willful and maliciously injured the plaintiffs.

## CONCLUSION

Based on the foregoing, there are genuine issues of material facts and the plaintiff is not entitled to judgment as a matter of law.  Accordingly, the plaintiff's motion for summary judgment is **DENIED**.

**END OF DOCUMENT**